FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 21, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARIA SILVA,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | No. 1:17-CV-3059-JTR<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 17, 21. Attorney D. James Tree represents Maria Silva (Plaintiff); Special Assistant United States Attorney Leisa A. Wolf represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 7. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

**JURISDICTION**

Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income on December 27, 2012, alleging disability since February 1, 2009, due to depression, degenerative disc disease, glaucoma, legally blind left eye, and lumbosacral strain. Tr. 238, 247, 249, 281. The applications were denied initially and upon reconsideration. Administrative Law Judge (ALJ)

ORDER GRANTING PLAINTIFF'S MOTION . . . . - 1

Tom L. Morris held a hearing on February 13, 2015, Tr. 42-81, and issued an unfavorable decision on May 27, 2015, Tr. 26-36. The Appeals Council denied Plaintiff's request for review on January 26, 2017. Tr. 1-6. The ALJ's May 2015 decision thus became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on March 29, 2017. ECF No. 1, 4.

## STATEMENT OF FACTS

Plaintiff was born on November 4, 1976, and was 32 years old on the alleged onset date, February 1, 2009. Tr. 249. Plaintiff completed high school in 1995; she has no further education or training. Tr. 44, 282. She has past work as a cashier, in child care, as a field laborer and as a shift manager for Pizza Hut. Tr. 52, 72. Plaintiff indicated she stopped working on February 1, 2009, because of her condition(s). Tr. 281-282.

At the administrative hearing, Plaintiff testified she was legally blind on her left side (prosthetic left eye). Tr. 53-54. As a result, she has depth perception and left side field of vision problems. Tr. 54-55. Plaintiff also stated she has lower back pain caused by her involvement in a 2000 automobile accident. Tr. 55-56. She broke her pelvis, right hip and tailbone in the accident. Tr. 55. She testified she could be on her feet for about an hour before needing to sit down and will occasionally need to lie down and rest for about 20 minutes because of her back pain. Tr. 56-57. Plaintiff indicated she also experiences migraine headaches about once every three months; however, at the time of the administrative hearing, the headaches had recently (within the last two months) increased in frequency to approximately once or twice every month. Tr. 58. She additionally stated she has episodes of depression once a month that can last between two and five days. Tr. 59-60. Plaintiff did not attend therapy for mental health issues. Tr. 61.

With respect to daily activities, Plaintiff testified she listened to music, watched movies and television, visited with friends, read books, and walked to the

mail box or store.  Tr. 64.  She indicated she has a driver's license and continued to drive herself to appointments, to her mother's house, to stores (including a 45-minute drive for out-of-town shopping), and to visit out-of-town relatives.  Tr. 66-67, 69.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes.  *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).  The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error.  *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance.  *Id*. at 1098.  Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ.  *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).  If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive.  *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).  Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.  *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled.  20 C.F.R. §§ 404.1520(a),

416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that the claimant can perform other jobs present in significant numbers in the national economy. *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193-1194 (2004). If a claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On May 27, 2015, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since February 1, 2009, her alleged onset date. Tr. 29.

At step two, the ALJ determined Plaintiff had the following severe impairments: degenerative disc disease and glaucoma. Tr. 29. The ALJ specifically concluded that Plaintiff's obesity, migraine headaches, and affective disorder were non-severe conditions. Tr. 29-30.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. Tr. 31.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found Plaintiff could perform light exertion level work, with the following limitations: she could only occasionally climb ramps and stairs, balance, stoop, kneel, crouch and crawl; she could never climb ladders, ropes, or scaffolds; she had limited left depth perception and field of vision; she should not perform production rate pace

work, but rather goal-oriented work; she should be allowed to work at a slow pace for up to about 15% of the work day; and she may periodically alternate sitting/standings, which could be accomplished by any work task requiring such shifts or could be done in either position temporarily or longer.  Tr. 31.

At step four, the ALJ found Plaintiff was unable to perform her past relevant work.  Tr. 34.

At step five, the ALJ determined that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience and RFC, Plaintiff was capable of making a successful adjustment to other work that exists in significant numbers in the national economy, including the jobs of storage facility rental clerk, furniture rental consultant, and cashier II.  Tr. 35-36.  The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from February 1, 2009, the alleged onset date, through the date of the ALJ's decision, May 27, 2015.  Tr. 36.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the ALJ erred by (1) rejecting Plaintiff's severe impairments; (2) improperly weighing the medical evidence; and (3) erroneously weighing Plaintiff's symptom testimony.  ECF No. 17 at 4.

## DISCUSSION

**A.   Medical Evidence**

Plaintiff contends the ALJ erred by improperly weighing the medical evidence.  ECF No. 17 at 9.  Plaintiff specifically argues the ALJ erroneously rejected the opinion of Ovidio Demiar, PA-C, regarding Plaintiff's functioning ability and instead gave weight to a reviewing state agency physician.  ECF No. 17 at 9-16; Tr. 33-34.  Plaintiff's reply memorandum additionally argues physician

assistant Demiar should have been recognized as an acceptable medical source because his opinions were co-signed by Douglas Wrung, M.D., a "supervising professional" in the same office. ECF No. 22 at 5-6.

Plaintiff's reply brief cites *Gomez v. Chater*, 74 F.3d 967, 971 (9th Cir. 1996), which held that, pursuant to 20 C.F.R. § 416.913(a)(6), a nurse practitioner working in conjunction with a physician constitutes an acceptable medical source, while a nurse practitioner working on his or her own does not. ECF No. 22 at 6. Plaintiff's reliance upon *Gomez* is misplaced. The Ninth Circuit Court of Appeals in *Boyd v. Colvin*, 524 Fed. Appx. 334 (9th Cir. 2013), recognized *Gomez* was superseded by regulation, citing *Hudson v. Astrue*, CV 11-0025-CI, 2012 WL 5328786, at *4 n. 4 (E.D. Wash. Oct. 29, 2012). Accordingly, Mr. Demiar, a physician assistant, is not an "acceptable medical source." 20 C.F.R. § 416.913. A physician assistant is considered an "other source." 20 C.F.R. §§ 404.1527(f), 416.927(f). The ALJ may reject the opinions of "other sources" by providing "reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001); *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012); *Turner v. Comm'r of Soc. Sec. Admin.*, 613 F.3d 1217, 1224 (9th Cir. 2010).

The ALJ accorded "little weight" to Mr. Demiar's opinion that Plaintiff was "disabled due to chronic low back pain and left eye blindness." Tr. 33. The ALJ determined Mr. Demiar did not support his opinions with citations to credible, objective evidence and instead completed template forms with little to no narrative explanation. Tr. 33-34. The ALJ also gave Mr. Demiar's opinions little weight because he was not an acceptable medical source and noted Mr. Demiar did not have the specialized medical expertise to assess Plaintiff's vision-related limitations. Tr. 34. Finally, the ALJ found Mr. Demiar's opinion regarding Plaintiff's headaches conflicted with other evidence of record that indicated Plaintiff, at times, had no headaches at all. Tr. 34.

///

With regard to Plaintiff's physical capabilities, the ALJ instead relied on the opinion of the state agency reviewing physician Dale Thuline, M.D., who determined on August 29, 2013, that Plaintiff could perform light work with some postural and visual limitations. Tr. 33, 130-131. *See Pitzer v. Sullivan*, 908 F.2d 502, 506 n.4 (9th Cir. 1990) (finding a nonexamining doctor's opinion "with nothing more" does not constitute substantial evidence).

While the ALJ was correct to note that Mr. Demiar is not "an acceptable medical source," *see supra*, the opinion of a physician assistant, an "other source," may still provide insight into the severity of an impairment and how it affects a claimant's ability to function. SSR 06-03p. The ALJ is required to "consider observations by non-medical sources as to how an impairment affects a claimant's ability to work." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987). Although the form reports of Mr. Demiar do not offer detailed explanations for the opinions expressed therein, Tr. 406-407, 416-418, 419-420, 421-424, 922-923, 934-936, the record reflects Mr. Demiar has visited and examined Plaintiff on numerous occasions[1] (once or twice a month since 2000, Tr. 60, and approximately 50 separate occasions from 2010 to 2014, Tr. 427-454, 667, 678, 1014-1077). Contrary to the ALJ's determination, Mr. Demiar's opinions are supported by his treatment records.

With respect to the ALJ's assertion that Mr. Demiar did not have the specialized medical expertise to assess Plaintiff's vision-related limitations, the ALJ failed to specify what particular vision-related limitation assessed by Mr. Demiar exceeded the scope of Mr. Demiar's expertise. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (finding the agency must set forth reasoning behind its decisions in a way that allows for meaningful review). If the

---

[1] Of significance, Dr. Thuline merely reviewed the record prior to rendering his opinion and never examined or treated Plaintiff.

ALJ fails to specify his rationale, a reviewing court will be unable to review those reasons meaningfully without improperly "substitut[ing] our conclusions for the ALJ's, or speculat[ing] as to the grounds for the ALJ's conclusions." *Brown-Hunter*, 806 F.3d at 492 quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014). In this case, Plaintiff's left eye had been surgically removed, Tr. 53-55; therefore, contrary to the ALJ's finding, Mr. Demiar's indication that Plaintiff was unable to see from her left eye and had compromised depth perception, Tr. 416-417, 934-935, does not exceed the scope of his medical expertise. *See* ECF No. 22 at 5 (arguing it does not take an expert to conclude that an individual would be unable to see out of an eye which had been surgically removed).

Finally, the Court finds that the weight of the evidence of record does not support the ALJ's determination that Mr. Demiar's opinion regarding Plaintiff's headaches conflicted with Plaintiff's report of having no headaches on one occasion. Tr. 29, 34. The evidence of record illustrates Plaintiff frequently reported headaches, Tr. 439, 451, 712, 810, 858, 1034, 1037, 1118, which by their nature are episodic and variable. While the ALJ cites one medical report of Plaintiff denying "head trauma or headache" in the course of a November 8, 2012 emergency room visit after being kicked in the left flank, Tr. 29, 646, this single report culled from Plaintiff's rather lengthy medical record does not contradict Mr. Demiar's opinion that Plaintiff's headaches are unpredictable and would cause her to miss work, Tr. 923.

Based on the foregoing, the Court finds the ALJ failed to provide germane reasons for rejecting the opinions of Mr. Demiar. Accordingly, this matter shall be remanded for the ALJ to reassess the opinions of Mr. Demiar as well as those of reviewing state agency physician Thuline and all other medical evidence of record relevant to Plaintiff's claim for disability benefits.

///

The Court notes that, despite the level of impairment alleged by Plaintiff and the opinions rendered by Mr. Demiar, the only treating source of record, the ALJ did not seek consultative examinations for Plaintiff and/or the services of a medical expert at the administrative hearing in this case. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (finding the ALJ has a special duty to develop the record fully and fairly and to ensure that the claimant's interests are considered); *Higbee v. Sullivan*, 975 F.2d 558, 561 (9th Cir. 1992) (holding that the ALJ must scrupulously and conscientiously probe into, inquire of, and explore all the relevant facts, being especially diligent to ensure favorable as well as unfavorable facts are elicited). On remand, the ALJ shall also be required to develop the record further by directing Plaintiff to undergo consultative physical and psychological examinations and/or by eliciting the testimony of a medical expert or experts at a new administrative hearing to assist the ALJ in assessing Plaintiff's functioning.

**B. Plaintiff's Symptom Testimony**

Plaintiff contends the ALJ also erred by failing to provide valid reasons for rejecting Plaintiff's subjective complaints. ECF No. 17 at 16-20.

It is the province of the ALJ to make credibility determinations. *Andrews*, 53 F.3d at 1039. However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester*, 81 F.3d at 834. "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, Plaintiff's allegations concerning the intensity, persistence and limiting effects of

those symptoms were not entirely credible. Tr. 32. The ALJ listed the following reasons to discount Plaintiff's credibility: (1) objective medical evidence did not support Plaintiff's allegations, (2) Plaintiff's job ended because she was laid off, not because she was unable to perform the assigned tasks, (3) Plaintiff reported an improvement of symptoms, (4) Plaintiff was non-compliant with recommended treatment (no call/no show for scheduled appointments and testing positive for illicit drugs), (5) Plaintiff displayed drug-seeking behavior, (6) Plaintiff has not sought any type of treatment for her mental health complaints, and (7) Plaintiff's activities (wrestling with her brother and driving despite diminished vision) were inconsistent with her allegations of totally disabling functional limitations. Tr. 32-33.

While some of the reasons provided by the ALJ for discounting Plaintiff's testimony may be supported by the evidence of record, this matter must be remanded for additional proceedings to remedy defects in light of the ALJ's erroneous determination regarding the medical opinion evidence of record. *See supra.* Accordingly, on remand, the ALJ shall also reconsider Plaintiff's statements and testimony and reassess what statements, if any, are not credible and, if deemed not credible, what specific evidence undermines those statements.

**C.    Severe Impairments**

Plaintiff argues the ALJ erred at step two of the sequential evaluation process by concluding Plaintiff's migraine headaches, obesity, and affective disorder were not severe impairments. ECF No. 17 at 5-9.

Plaintiff has the burden of proving she has a severe impairment at step two of the sequential evaluation process. 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 423(d)(1)(A), 416.912. In order to meet this burden, Plaintiff must furnish medical and other evidence that shows she has a severe impairment. 20 C.F.R. § 416.912(a). The regulations, 20 C.F.R. §§ 404.1520(c), 416.920(c), provide that an impairment is severe if it significantly limits one's ability to perform basic work

activities. An impairment is considered non-severe if it "does not significantly limit your physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1521, 416.921. "

Here, the ALJ specifically analyzed Plaintiff's obesity, migraine headaches, and affective disorder and concluded they each were non-severe conditions. Tr. 29-30.

The Court notes Plaintiff's disability report fails to mention headaches and obesity as issues causing her alleged disability. *See* Tr. 281 (alleging only depression (an affective disorder), degenerative disc disease, glaucoma, left eye blindness and lumbosacral strain as conditions that limited her ability to work). Furthermore, Plaintiff testified her headaches had only very recently increased in frequency, Tr. 58, and that she was not seeing anyone consistently for her mental health complaints, Tr. 61. Plaintiff also did not describe her obesity as restricting her functionality at the time of the administrative hearing. Without more, it appears the ALJ's discussion and findings at step two were not flawed. Nevertheless, given the ALJ's erroneous determinations regarding the medical opinion evidence of record and the resultant necessity of a remand to remedy defects, on remand the ALJ shall additionally reexamine the severity of Plaintiff's conditions at step two of the sequential evaluation process.

## CONCLUSION

Plaintiff argues the ALJ's decision should be reversed and remanded for additional proceedings. The Court has the discretion to remand the case for additional evidence and findings or to award benefits. *Smolen*, 80 F.3d at 1292. The Court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose. *Id*. Remand is appropriate when additional administrative proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). Here, the Court finds that further development is necessary for a proper determination to be made.

On remand, the ALJ shall reconsider the opinions of Mr. Demiar and all other medical evidence of record, develop the record further by directing Plaintiff to undergo consultative physical and psychological examinations and/or by eliciting the testimony of a medical expert or experts at a new administrative hearing, and reevaluate the severity of Plaintiff's conditions at step two of the sequential evaluation process. The ALJ shall also reassess Plaintiff's statements and testimony and formulate a new RFC determination. The ALJ shall obtain supplemental testimony from a vocational expert, if warranted, and take into consideration any other evidence or testimony relevant to Plaintiff's disability claim.

Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 17**, is **GRANTED**.

2. Defendant's Motion for Summary Judgment, **ECF No. 21**, is **DENIED**.

3. The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4. An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

DATED March 21, 2018.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE